### IN THE UNITED STATES DISTRICT COURT FOR THE
### WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| TERRY CAREY, OSCAR CAMPBELL, JEREMY JOHN FROSIG, STEVE MARTIN, JAMES CARR, DAVID BURCH, BRANDON CROSS, JAMES WESTBROOK, CHARLES ROBINSON, PAUL OSBORN, ROBERT BRAMLETT, DUDLEY HUISER, RAY CRABTREE, DOUG FITZGERELD, FRANK CITTY, MIACHEL DUNCAN, JAMES STODLER, CHRISTOPHER GROW, TONY PULLIAM, CHARLES GOODFELLOW, JAMES MURPHY, MARK HALL, SHANNON GOGHINS, PAUL LAHMANN, GEMONTY DAVIS, JAMES MATTOX, <br><br>                         Plaintiffs,<br>v.<br><br>LAWTON CORRECTIONAL FACILITY, and GEO, INC., a foreign corporation,<br><br>                         Defendants. | Case No. CIV-07-944-F |

### REPORT AND RECOMMENDATION

Plaintiffs are all prisoners currently housed in the Lawton Correctional Facility (LCF), a private prison facility owned and operated by Defendant GEO Group, Inc. Plaintiffs bring this action through their attorney pursuant to 42 U.S.C. § 1983 alleging violations of their constitutional rights. The matter has been referred for initial proceedings consistent with 28 U.S.C. § 636(b)(1)(B) and (C). Before the Court is a Motion to Dismiss and Brief in Support submitted by Defendants LCF and Geo Group, Inc., [Doc. #8] to which Plaintiffs have responded. *See* Plaintiff's Response to Defendants' Motion to Dismiss [Doc. #10]. It is

recommended that the Complaint be dismissed without prejudice pursuant to Fed.R.Civ.P. 12(b)(6) for failure to state a claim upon which relief may be granted.

## I.     Background and Claims Presented

In Count I, Plaintiffs allege that their constitutional rights have been violated by Defendants who, "[b]y virtue of the inherent nature of housing in-custody inmates, . . . have complete and total control over all health related issues." Complaint at 3. Plaintiffs allege "improper medical supervision, unhealthy detention and confinement, conspiracy and refusing or neglecting to prevent worsening medical conditions, intentional (and negligent) infliction of emotional distress, unreasonable response to health related medical conditions and not following or providing proper orders as a health provider." Complaint at 3. Additionally, Plaintiffs allege that Defendants "violated [Plaintiffs'] clear and well-established Constitutional right to receive freedom against the unreasonable seizures, arrest, detention and confinement and conspiracy and refusing or neglecting to prevent." *Id.*

In Count II, Plaintiffs allege that Defendants have been negligent in failing "to properly supervise on health care;" failing to "adequately follow health care procedures;" failing to "properly respond to injuries;" failing to "properly remedy improper practices;" failing to "provide duty of care to Plaintiffs;" using "improper medicinal procedures;" having "malicious disregard for injuries;" and failing "to exercise ordinary care in the course of normal business activities/duties as a reasonable and prudent person or business." Complaint at 4. According to the Complaint, Plaintiffs "received injury and damage directly and indirectly by [Defendants'] actions and inactions." *Id.*

## II. Standard of Review

Traditionally, dismissal of a cause of action for failure to state a claim upon which relief may be granted was deemed to be proper if "it [appeared] beyond doubt that the plaintiff [could] prove no set of facts in support of his claim which would entitle him to relief." *Conley v. Gibson*, 355 U.S. 41, 45-46 (1957); *Roman v. Cessna Aircraft Co.*, 55 F.3d 542, 543 (10th Cir. 1995). The Tenth Circuit recently discussed the standard for Rule 12(b)(6) dismissals in light of the Supreme Court's 2007 decisions in *Bell Atlantic Corp. v. Twombly*, ___ U.S. ___, 127 S.Ct. 1955, 1970 (2007), and *Erickson v. Pardus*, ___ U.S. ___, 127 S.Ct. 2197, 2200 (2007). "In the Rule 12(b)(6) context, '[w]e look for plausibility in th[e] complaint.'" *Kay v. Bemis*, 500 F.3d 1214, 1218 (10th Cir. 2007) (*quoting Alvarado v. KOB-TV, L.L.C.*, 493 F.3d 1210, 1215 (10th Cir. 2007)). "In particular, we 'look to the specific allegations in the complaint to determine whether they plausibly support a legal claim for relief.'" *Id.* (*quoting Alvarado* at 1215 n. 2). "Rather than adjudging whether a claim is 'improbable,' '[f]actual allegations [in a complaint] must be enough to raise a right to relief above the speculative level.'" *Id.* (*quoting Bell Atlantic Corp.*, 127 S.Ct. at 1965).

## III. Analysis

Plaintiffs have stated no facts in their Complaint to support their conclusory allegations of constitutional violations. Thus, this Court cannot conclude that the Plaintiffs' right to relief is more than speculative. In their Response to Defendants' Motion to Dismiss, Plaintiffs contend that with twenty-six named Plaintiffs, "stating a claim for each individual

Plaintiff would not comply with the requirement of 'a short and plain statement.'" Response at 2.[1]

Rule 8 of the Federal Rules of Civil Procedure requires that a pleading set forth a "short and plain statement of the claim showing that the pleader is entitled to relief." Fed.R.Civ.P. 8(a).[2] "One purpose of a complaint is to give the defendant enough information

---

[1] This argument raises another potential defect with the Complaint. It appears unlikely that all twenty-six Plaintiffs are properly joined in this action under the rules governing permissive joinder of parties. Although this court expresses no opinion as to whether this Complaint is subject to dismissal for improper joinder, Plaintiffs should consider whether joinder would be appropriate before they re-file a complaint. Permissive joinder is governed by Rules 20 and 21 of the Federal Rules of Civil Procedure. Rule 20(a) provides:

> All persons may join in one action as plaintiffs if they assert any right to relief jointly, severally, or in the alternative in respect of or arising out of the same transaction, occurrence, or series of transactions or occurrences and if any question of law or fact common to all these persons will arise in the action. . . .

Fed. R. Civ. P. 20(a). Pursuant to Rule 20(a), two requirements must be satisfied for permissive joinder. First, the plaintiffs must allege a right to relief arising from the same transaction or occurrence. Second, the plaintiffs must establish a common question of law or fact. *Smith v. North American Rockwell Corp.*, 50 F.R.D. 515, 522 (N.D. Okla. 1970). Where there is misjoinder of parties, Rule 21 permits the court, on its own initiative at any stage of the litigation, to drop any party. Fed. R. Civ. P. 21 ("Parties may be dropped or added by order of the court on motion of any party or of its own initiative at any stage of the action and on such terms as are just."). The vagueness and manner of wording make it difficult to determine the extent to which the allegations are asserted on behalf of one or all Plaintiffs. Moreover, it appears doubtful that the alleged constitutional violations endured by each Plaintiff arose from the same transaction or occurrence. Rather, it appears more likely that Plaintiffs believe they have been subjected to unconstitutional conditions of confinement based on unrelated incidents or contacts with medical personnel at LCF.

[2] Rule 8(a) also requires a "short and plain statement of the grounds for the court's jurisdiction." In this case, Plaintiffs cite only the jurisdictional basis for civil rights actions brought in federal courts. *See* 28 U.S.C. § 1331 (federal question) and 28 U.S.C. § 1343 (granting district courts original jurisdiction over civil rights actions). Count II of the Complaint alleges that Defendants were negligent in providing health care. Civil rights actions challenging the adequacy of medical treatment received by inmates requires proof of deliberate indifference to serious medical needs. *See Estelle v. Gamble*, 429 U.S. 97, 104-105 (1976). A prison official violates the Eighth
(continued...)

about the alleged wrong to be able to respond to those allegations." *Young v. United States*, No. 06-1494, 2007 WL 831588 at *2 (10th Cir. Mar. 20, 2007) (*citing Mann v. Boatright*, 477 F.3d 1140, 1147-1148 (10th Cir. 2007)) (unpublished op.). "Another is to allow the court to determine whether, if the facts alleged were proved, the plaintiff would be entitled to relief." *Id.* (*citing Monument Builders of Greater Kansas City, Inc. v. Am. Cemetery Assn. of Kan.*, 891 F.2d 1473, 1480 (10th Cir.1989)). Both goals can be accomplished in a short and plain statement specifying briefly for each claim (1) who is being sued, (2) what each person did, and (3) how those acts injured the plaintiffs. *Id.*[3]

Plaintiffs' Complaint is deficient in each of these respects. The Complaint is devoid of factual allegations regarding the allegedly unconstitutional conditions of confinement at

---

[2](...continued)
Amendment when the deprivation was "sufficiently serious" and resulted from "deliberate indifference" to an inmate's health or safety. *Farmer v. Brennan*, 511 U.S. 825, 834 (1994). Negligence in providing medical treatment does not rise to the level of a constitutional violation. Plaintiffs have not provided a jurisdictional basis for their negligence claim. Any claims of negligence would, however, be based on Oklahoma law and would constitute pendent state law claims over which this Court could, in its discretion, exercise supplemental jurisdiction. *See* 28 U.S.C. § 1367. If this Report and Recommendation is adopted, it is recommended that Plaintiffs' pendent state law claims of negligence be dismissed without prejudice as this case has no unusual features that would counsel retention of the pendent state law claims after disposition of the federal claims. *See McWilliams v. Jefferson County*, 463 F.3d 1113, 1117 (10th Cir. 2006) ("the pre-trial dismissal of all federal law claims, leaving only a state law claim, generally prevents a district court from reviewing the merits of the state law claim.") (*citing* 28 U.S.C. § 1367(c)(3)); *Thatcher Enterprises v. Cache County Corp.*, 902 F.2d 1472, 1478 (10th Cir. 1990) ("Notions of comity and federalism demand that a state court try its own lawsuits, absent compelling reasons to the contrary."); *Jones v. Intermountain Power Project*, 794 F.2d 546, 549 (10th Cir. 1986) ("If a federal claim against a party is dismissed before trial, the pendent state law claims should often be dismissed as well."), rev'd on other grounds, *Yellow Freight System, Inc. v. Donnelly*, 494 U.S. 820 (1990)).

[3]A district court may, in its discretion, dismiss a complaint without prejudice for failure to comply with Rule 8. *Young v. United States* at *2 (*citing Kuehl v. FDIC*, 8 F.3d 905, 908-09 (1st Cir. 1993)).

LCF. Rather than alleging facts which, if true, would entitle each Plaintiff to relief, Plaintiffs have set forth only legal conclusions. Moreover, the language of § 1983, imposes liability only on a "person" who "subjects, or causes to be subjected," any individual to a deprivation of federal rights. 42 U.S.C. § 1983. Plaintiffs have identified no individual "persons" responsible for the alleged constitutional violations. Finally, Plaintiffs do not specify how each was injured.[4]

Plaintiffs have named only two defendants in this action: LCF and Geo Group, Inc. Plaintiff does not make any specific allegations against either. Claims against both named Defendants should be dismissed. LCF is not a suable entity, and Plaintiffs have identified no policy or custom implemented by Geo Group, Inc., which caused or contributed to the alleged constitutional deprivations.

LCF is merely the name of a detention facility which lacks the capacity to be sued. *See Aston v. Cunningham*, No. 99-4156, 2000 WL 796086 at *4 n. 3 (10th Cir. Jun. 21, 2000) (" a detention facility is not a person or legally created entity capable of being sued").[5]

---

[4] Plaintiffs state only that they "have had worsening health related illnesses" and that they have been "greatly and irreparably damage[d]" by constitutional violations. Complaint at 2-3. These vague accusations fall short of the requirements a complaint must meet to withstand a motion to dismiss. Further, these vague allegations prevent defendants from determining whether it would be proper to assert a plaintiff's failure to exhaust administrative remedies for the particular claim of injury asserted by the plaintiff or other affirmative defenses such as expiration of the statute of limitations.

[5] The majority of courts which have considered the issue have concluded that a detention facility lacks the capacity to be sued. *See Guidry v. Jefferson County Detention Center*, 868 F. Supp. 189, 191 (E.D. Tex. 1994) ("There is no doubt that the 'Jefferson County Detention Center' is not a legal entity capable of being sued."); *Marsden v. Federal Bureau of Prisons*, 856 F. Supp.
(continued...)

Because LCF is a detention facility, and is not a "person" with a separate identity apart from Defendant Geo Group, Inc., dismissal of LCF is warranted.

Presumably, Plaintiffs named Geo Group, Inc., only because it owns and operates LCF. *See*, *e.g.*, Complaint at 2. Unlike LCF, Defendant Geo Group, Inc., is a suable entity performing a function akin to a municipal or county government. The language of § 1983, however, "cannot easily be read to impose liability vicariously on government bodies solely on the basis of the existence of an employer-employee relationship with a tortfeasor." *Monell v. Department of Social Services of City of New York*, 436 U.S. 658, 692 (1978). As

---

[5](...continued)
832, 836 (S.D.N.Y. 1994) ("As for the Orange County Jail, a jail is not an entity that is amenable to suit."); *Buckley v. Dallas County*, Case No. CIV.A.3:97- CV-1649-G, 1999 WL 222380 at *2 (N.D. Tex. Apr. 13, 1999) ("this court has repeatedly held that the [Dallas County Jail] is not a separate legal entity subject to suit"); *Avant v. Rice*, Case Nos. 91-748-CIV-T- 17A, *et al.*, 1992 WL 359633 at *6 (M.D. Fla. Nov. 19, 1992)("The jail is not an actionable legal entity because it does not enjoy a separate legal existence independent of the County or the Sheriff's Office."); *Lumpp v. McHenry County*, Case No. 93 C 20185, 1994 WL 149715 at *3 (N.D. Ill. Apr. 11, 1994) (holding that the McHenry County Correctional Center is not a proper party because it "does not under Illinois law possess independent existence subjecting it to suit"); *see also Powell v. Cook County Jail*, 814 F. Supp. 757, 758 (N.D. Ill. 1993) ("Cook County Jail is not a 'person" [for purposes of Section 1983] – it is not a legal entity to begin with."); *Brooks v. Pembroke City Jail*, 722 F. Supp. 1294, 1301 (E.D. N.C. 1989) (alternative holding) ("[c]laims under § 1983 are directed at 'persons' and the jail is not a person amenable to suit"); *Whitley v. Westchester County Correctional Facility*, Case No. 97 CIV. 0420(SS), 1997 WL 659100 at *7 (S.D. N.Y. Oct. 22, 1997) ("A prison facility, such as the Westchester County Correctional Facility or Jail, is not a person within the meaning of § 1983."); *Agnew v. St. Joseph County Jail*, Case No. 3:95-CV-608RP, 1996 WL 534928 at *1 (N.D. Ind. Aug. 14, 1996)("The 'St. Joe County Jail' is not a recognized legal entity under Indiana law and it is not a 'person' subject to suit under § 1983."); *Sponsler v. Berks County Prison*, Case No. CIV. A. 95-1136, 1995 WL 92370 at *1 (E.D. Pa. Feb. 28, 1995) ("A prison is not a 'person' subject to suit under the civil rights laws."). This Court has also subscribed to the opinion of the majority on this issue. *See Carter v. Oklahoma County Jail*, Case No. CIV-95-171-C, Report and Recommendation at p. 2 (unpublished op.) (Argo, J.) (W.D. Okla. Feb. 28, 1995); *Order*, (W.D. Okla. Mar. 28, 1995) (unpublished op.) (Cauthron, J.); *accord Jarrell v. Cimarron Correctional Facility*, Case No. CIV-98-1401, Order (W.D. Okla. Feb. 23, 2000) (unpublished op.) (Alley, J.) (ordering dismissal of Cimarron Correctional Facility for lack of legal capacity to be sued).

a private corporation, Defendant Geo Group, Inc., cannot be vicariously liable under 42 U.S.C. § 1983. *See DeVargas v. Mason & Hanger-Silas Mason Co.*, 844 F.2d 714, 723 (10th Cir. 1988) ( recognizing a congressional intent to avoid vicarious liability under Section 1983). A corporation is not liable for the constitutional tort of its employees unless the constitutional tort was caused by a policy or custom of the corporation. *See Austin v. Paramount Parks, Inc.*, 195 F.3d 715, 728 (4th Cir. 1999) ("a private corporation is liable under § 1983 *only* when an official policy or custom of the corporation causes the alleged deprivation of federal rights" (citations omitted; emphasis in original)); *Sanders v. Sears, Roebuck & Co.*, 984 F.2d 972, 975-76 (8th Cir. 1993) (holding that a corporation can only incur liability under Section 1983 based on its own unconstitutional policies). Because Plaintiffs have failed to identify any custom or policy which caused the alleged unconstitutional conditions of confinement, claims against Defendant Geo Group, Inc., must be dismissed.[6]

## RECOMMENDATION

It is recommended that Defendants' Motion to Dismiss Plaintiffs' Complaint be granted and that the Complaint be dismissed without prejudice pursuant to Fed.R.Civ.P. 12(b)(6) for failure to state a claim upon which relief may be granted. Plaintiff's pendent state law claims of negligence should also be dismissed without prejudice.

---

[6] Because the defect is potentially curable, however, the dismissal should be without prejudice. *See Reynoldson v. Shillinger*, 907 F.2d 124, 126 (10th Cir. 1990).

## **NOTICE OF RIGHT TO OBJECT**

Plaintiff is advised of his right to object to this Report and Recommendation. *See* 28 U.S.C. § 636. Any objections must be filed with the Clerk of the District Court by January  7th , 2008. *See* LCvR72.1. Plaintiff is further advised that failure to make timely objection to this Report and Recommendation waives the right to appellate review of the factual and legal issues addressed herein. *Moore v. United States*, 950 F.2d 656 (10th Cir. 1991).

## **STATUS OF REFERRAL**

This Report and Recommendation terminates the referral by the District Judge in this matter.

ENTERED this  18th  day of December, 2007.

*[signature: Valerie K. Couch]*

VALERIE K. COUCH
UNITED STATES MAGISTRATE JUDGE